**Charles F. MURRAY, Appellant**

v.

**J. GRONDOLSKY, Warden; J. Knox, Unit Manager; J. Ordonez, Case Manager; L. Batiste, Correctional Counselor.**

No. 09–3986.

United States Court of Appeals, Third Circuit.

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 28, 2010.

Opinion filed: Feb. 18, 2010.

Charles F. Murray, Fort Dix FCI, Fort Dix, NJ, Plaintiff–Appellant.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Charles Murray, proceeding pro se, appeals from the District Court's orders dismissing his case and denying his motion for reconsideration, respectively. Because the appeal does not present a substantial question, we will summarily affirm the District Court's orders. *See* 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

### I.

In June 2009, Murray filed a pro se petition under 28 U.S.C. § 1361 for a writ of mandamus in the District of New Jersey, seeking an order to compel federal prison officials to authorize his pre-release transfer to a Residential Re–Entry Center ("RRC"). In his complaint, Murray alleged that while he had been approved for a pre-release transfer to an RRC, he was informed that the transfer was dependent upon his executing a Community Based Agreement Form. This form includes a provision that Murray would agree to make payments to contribute to the cost of the residence. Murray challenged that term of the agreement, asserting that all expenses attendant to his incarceration must be paid out of the United States Treasury, pursuant to 18 U.S.C. § 4007, and that he is exempt from paying any cost of incarceration fee, pursuant to 28 C.F.R. § 505.3. Murray also argued that his failure to exhaust administrative remedies prior to filing the complaint should be excused, as exhaustion would be "an exercise in futility" and the time lost during the administrative appeal process would be highly prejudicial.[1]

---

1. When presented with the form, Murray attempted to challenge the provision by amending the language to state that he would only make payments "when authorized under statutory law or code of federal regulations."

The BOP thereafter charged and sanctioned Murray with forgery and counterfeit of an official document. As a result of this incident, Murray filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. In this

The District Court interpreted Murray's petition for a writ of mandamus as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. On July 10, 2009, 2009 WL 2044821, the District Court dismissed Murray's petition sua sponte for failure to exhaust administrative remedies. The District Court also found that, to the extent failure to exhaust could be excused, Murray's petition is without merit because the Bureau of Prisons ("BOP") acted within its statutory authority in conditioning pre-release transfer upon execution of a Community Based Program Agreement. On September 28, 2009, the District Court denied Murray's motion for reconsideration. Murray now appeals to this Court from the District Court's July 10 and September 28 orders.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal. *See Stehney v. Perry*, 101 F.3d 925, 929 (3d Cir.1996); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n. 3 (3d Cir.2005). We generally review a district court's decision on a motion for reconsideration for abuse of discretion. *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir.1999). Summary action is warranted when no substantial question is presented on appeal. *See* 3d Cir. LAR 27.4 and I.O.P. 10.6.

Murray filed his petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. A district court has jurisdiction over mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is to be issued only in extraordinary circumstances, where the petitioner demonstrates that he has no alternative means to achieve the relief sought, and that he has a clear and indisputable right to the writ. *See Stehney*, 101 F.3d at 934 & n. 6.

We agree with the District Court that Murray has failed to establish that he has a clear and indisputable right to pre-release placement in an RRC without participating in the subsistence program.[2] The BOP is authorized to collect a subsistence fee from a federal prisoner for the costs of his confinement in community corrections centers, including RRC's. The subsistence program, which requires inmates to pay a portion of the cost of the RRC, is a condition of placement in the RRC imposed to encourage financial responsibility in order that inmates may reintegrate into society. The subsistence program arises from BOP policy and emanates from the BOP's general statutory authority to manage the prisons. *See* 18 U.S.C. §§ 4042(a), 3624(c)(1).

Accordingly, we will summarily affirm the District Court's orders dismissing the

complaint, which is currently pending in the District of New Jersey, Murray has asked the District Court to order the BOP to reverse its findings of forgery and to restore all privileges that were lost as sanctions. *See* D.N.J. 1:09–cv–4347.

**2.** We note that the District Court treated Murray's petition as a petition for writ of habeas corpus instead of a petition for mandamus. This Court has held that a habeas petition pursuant to 28 U.S.C. § 2241 is the appropri-

ate way to challenge BOP regulations (including placement in a community correction center or halfway house) because what is at issue is the "execution" of the prisoner's sentence and not the "conditions" of his confinement. *See Woodall*, 432 F.3d at 241–44. Regardless, we agree with the District Court in its September 28 order that Murray's petition is meritless whether it is construed as arising under § 2241 or § 1631.

complaint and denying Murray's motion for reconsideration.